FILED

2016 DEC 16 PM 1:49

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY PARISH,

    Plaintiff,

-VS-

CASE NO.:

3:16cv1548-J-32 PDB

SYNCHRONY BANK and ENCORE
RECEIVABLE MANAGEMENT INC.,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, Gregory Parish, by and through the undersigned counsel, and sues Defendants, SYNCHRONY BANK and ENCORE RECEIVABLE MANAGEMENT INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like SYNCHRONY BANK and ENCORE RECEIVABLE MANAGEMENT INC. from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

1

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Duval County, Florida Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Jacksonville, Duval County, Florida.

10. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692a(3).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13. Defendant, SYNCHRONY BANK (hereinafter "SYNCHRONY"), is a corporation with its principal place of business at 170 West Election Road, Suite 125, Draper, UT 84020, and conducting business in the state of Florida.

14. Defendant, SYNCHRONY, is a "creditor" as defined by Florida Statute 559.55(5).

3

15. Defendant, SYNCHRONY, sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt." as defined by Florida Statute §559.55(6).

16. Defendant, SYNCHRONY, consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors; including, but not limited to Defendant "ENCORE RECEIVABLE MANAGEMENT INC."

17. Defendant, ENCORE RECEIVABLE MANAGEMENT INC. (hereinafter "ENCORE"), is a corporation with its principal place of business located at 400 N Rogers Road, Olathe, KS 66062, and which conducts business in the State of Florida through its registered agent, Corporation Service Company located at 1200 South Pine Island Road., Plantation, FL 33324.

18. Defendant, ENCORE, is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

19. Defendant, ENCORE, sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt." as defined by 15 U.S.C. §1692(a)(4) and by Florida Statute §559.55(6).

20. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (530) *** - 5585, and was the called party and recipient of Defendants, SYNCHRONY and ENCORE's hereafter described calls.

21. Defendants, SYNCHRONY and ENCORE, intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

22. Upon information and belief, some or all of the calls the Defendant, SYNCHRONY, made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because there was an extended pause before a live agent came on the line.

23. Additionally, Defendant, SYNCHRONY, left numerous artificial and/or prerecorded messages when calling the Plaintiff's cellular phone, including the following identical pre-recorded message:

> "This is a message from Synchrony Bank; please return our call to (866) 419-9370. For faster service, visit our website at www.mysynchrony.com. Our mailing address is 170 West Election Road Suite 125, Draper, Utah, 84020. Again, please call (866) 419-9370. This is a recording. Thank you."

24. On or about July 2, 2016, Defendant, SYNCHRONY, initiated its campaign of automated phone calls to the Plaintiff on his aforementioned cellular telephone in an attempt to collect an alleged debt. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the

following phone number: (877) 317-5659, and when the number is called, a pre-recorded message answers "This entire call will be recorded and monitored. Thank you for calling Synchrony Bank."

25. Shortly after the calls began, on approximately July 12, 2016, Plaintiff contacted Defendant and explained that he was aware he had three credit card accounts, and they were past-due. Immediately, Plaintiff demanded that the calls to his cellular telephone cease.

26. Furthermore, on or about July 27, 2016, Plaintiff again answered a call from Defendant, SYNCHRONY, met with an extended pause, was eventually connected to a live agent of Defendant, and informed the agent/representative of Defendant known only as "Nila" that Defendant did not have permission to call, and to submit all future communication in writing; thus, demanded that they stop calling his aforementioned cellular telephone number.

27. Furthermore, each call subsequently made by Defendant, SYNCHRONY, made to the Plaintiff's cellular phone was done so without the "express consent" of the Plaintiff.

28. Each subsequent call the Defendant, ENCORE, made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

29. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

30. The Plaintiff's conversations with Defendant, SYNCHRONY, demanding an end to the harassment were ignored.

31. Despite actual knowledge of their wrongdoing, the Defendant, SYNCHRONY, continued the campaign of abuse, calling the Plaintiff despite not having his express consent to call his aforementioned cellular telephone number.

32. From on or about July 12, 2016 through September 4, 2016, Defendant, SYNCHRONY, made approximately three-hundred (300) calls to Plaintiff's aforementioned cellular telephone number, or as will be established after a thorough review of Defendant, SYNCHRONY's records. (Please see attached **Exhibit "A"** representing a non-exclusive call log of ninety-five (95) calls received from July 12, 2016 through July 27, 2016).

33. Upon information and belief, some or all of the calls the Defendant, ENCORE, made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received, and because he would hear either an extended pause before a representative would come on the line, or a pre-recorded message instructing him to hold the line for the next available agent/representative.

34. Additionally, on or about September 5, 2016, Defendant, ENCORE, initiated its campaign of automated phone calls to the Plaintiff on his aforementioned cellular telephone in an attempt to collect an alleged debt. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone number: (866) 652-3145.

35. On or about November 11, 2016, Plaintiff answered a call from ENCORE on his aforementioned cellular telephone number, was connected to a live agent of Defendant, and demanded that the agent/representative of Defendant known only as "Jay" stop calling his aforementioned cellular telephone number.

36. Each call Defendant, ENCORE, made to the Plaintiff's cell phone was done so without the "express consent" of the Plaintiff.

37. The Plaintiff's conversation with Defendant, ENCORE, demanding an end to the harassment was ignored.

38. Despite actual knowledge of their wrongdoing, the Defendant, ENCORE, continued the campaign of abuse, calling the Plaintiff despite not having his express permission to call his aforementioned cellular telephone number.

39. From approximately September 5, 2016 through the filing of this Complaint, Defendant, ENCORE, made approximately twenty-seven (27) calls to Plaintiff's aforementioned cellular telephone number, or as will be established after a thorough review of Defendant ENCORE'S records. (Please see attached **Exhibit B**, demonstrating a non-exclusive call log of calls received from November 11, 2016 through November 26, 2016.)

40. Furthermore Defendant, ENCORE, continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite acknowledging they did not have Plaintiff's express consent to do so.

41. Plaintiff expressly revoked any consent that Defendants' SYNCHRONY and ENCORE, may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice upon Defendant SYNCHRONY's placement of the calls.

42. Defendants' SYNCHRONY and ENCORE's corporate policies and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendants' SYNCHRONY and ENCORE may have believed they had.

43. Defendants' SYNCHRONY and ENCORE's corporate policy and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

44. Defendants, SYNCHRONY and ENCORE, have a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

45. Defendants, SYNCHRONY and ENCORE, violated the TCPA with respect to the Plaintiff.

46. Defendants, SYNCHRONY and ENCORE, willfully or knowingly violated the TCPA with respect to the Plaintiff.

47. From each and every call placed without express consent by Defendants SYNCHRONY and ENCORE to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

48. From each and every call without express consent placed by Defendants, SYNCHRONY and ENCORE, to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant call.

49. From each and every call placed without express consent by Defendants, SYNCHRONY and ENCORE, to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

50. From each and every call placed without express consent by Defendants, SYNCHRONY and ENCORE, to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

51. Each and every call placed without express consent by Defendants, SYNCHRONY and ENCORE, to Plaintiff's cell phone was an injury in the form of a

nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

52. Each and every call placed without express consent by Defendants, SYNCHRONY and ENCORE, to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

53. Each and every call placed without express consent by Defendants, SYNCHRONY and ENCORE, to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and hir cellular phone services.

54. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, depression and trouble sleeping.

<u>COUNT I</u>
SYNCHRONY BANK
(Violation of the TCPA)

55. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-four (54) as if fully set forth herein.

56. Defendant, SYNCHRONY, caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

57. Defendant, SYNCHRONY, willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SYNCHRONY BANK for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### SYNCHRONY BANK
### (Violation of the FCCPA)

58. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-four (54) as if fully set forth herein.

59. At all times relevant to this action, SYNCHRONY, is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

60. Defendant, SYNCHRONY, has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

61. Defendant, SYNCHRONY, has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

62. Defendant, SYNCHRONY's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SYNCHRONY BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### ENCORE RECEIVABLE MANAGEMENT INC
### (Violation of the TCPA)

63. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-four (54) as if fully set forth herein.

64. Defendant, ENCORE, caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

65. Defendant, ENCORE, willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ENCORE RECEIVABLE MANAGEMENT INC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees,

enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
## ENCORE RECEIVABLE MANAGEMENT INC
### (Violation of the FCCPA)

66. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-four (54) as if fully set forth herein.

67. At all times relevant to this action Defendant, ENCORE, is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

68. Defendant, ENCORE, as violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

69. Defendant, ENCORE, has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

70. Defendant ENCORE's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant ENCORE RECEIVABLE MANAGEMENT INC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
## ENCORE RECEIVABLE MANAGEMENT INC
### (Violation of the FDCPA)

71.     Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-four (54) as if fully set forth herein.

72.     Defendant, ENCORE, has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

73.     Defendant, ENCORE, has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

74.     Defendant, ENCORE, has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, ENCORE RECEIVABLE MANAGEMENT INC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Dated: <u>December 02, 2016</u>

                                Respectfully submitted,

                              <u>*s/Octavio Gomez*</u>
                              Octavio Gomez, Esquire
                              Morgan & Morgan, Tampa, P.A.
                              One Tampa City Center
                              201 N. Franklin Street, 7th Floor
                              Tampa, FL 33602
                              Tele: (813) 223-5505
                              Primary Email: TGomez@ForThePeople.com
                              Secondary Email: LDobbins@ForThePeople.com
                              Florida Bar #: 0338620
                              *Attorney for Plaintiff*